## JONES v. BILBY et al.

No. 5313.   Opinion Filed September 29, 1914.

(143 Pac. 330.)

1.    **APPEAL AND ERROR—Case-Made—Validity.**  Where it appears from the record, attached to petition in error filed in this court as a case-made, that it was not served within the time allowed by law, or within a valid extension granted by the trial court, and it further appears that said case-made is not certified to by the trial judge, and that the same has not been filed with the clerk of the trial court, the same is a nullity as a case-made, and fails to confer jurisdiction on this court.

2.    **SAME — Presentation for Review — Dismissal.**  The record filed herein, attached to petition in error, seeks to review the action of the trial court in overruling a motion for a new trial.  Said record or transcript does not include any judgment rendered by the trial court, or any order made against plaintiff in error.  **Held,** that said record filed in this court as a transcript of the record or proceedings is insufficient to confer jurisdiction on this court.

(Syllabus by the Court.)

*Error from County Court, Wagoner County;*
*W. T. Hunt, Judge.*

Action between Rosa Jones and John S. Bilby and another. From the judgment, Rosa Jones brings error.  Dismissed.

*Thomas & Thomas,* for plaintiff in error.

*F. B. Righter,* for defendants in error.

RIDDLE, J.   Defendants in error move to dismiss this proceeding on the grounds:  (1) That the motion for new trial was overruled on February 13, 1913, at which time plaintiff in error was allowed an extension of 60 days within which to prepare and serve case-made; that no case-made was served until June 20, 1913.  (2) That no appeal bond has been filed, as required by order of the trial court.  (3) That no certificate of the trial judge is attached to said case-made, as required by law.  (4) That said alleged case-made, or transcript, was never filed in the trial court, as required by law.  This motion is not resisted by plaintiff in error.

While reference is made to the record filed in this court as a case-made, yet it would appear that the record was intended as a transcript of the proceedings, and was not intended as a case-made. We have examined the record carefully, and find it in the defective condition as described by the motion, and clearly, if it is intended as a case-made, it would be insufficient to confer jurisdiction on this court. There is no certificate of the trial judge, and it was not served within the time allowed by order of court; neither was it filed with the clerk of the trial court.

We think it is equally clear that, as a transcript of the record, it is insufficient to confer jurisdiction on this court: (1) For the reason the questions sought to be reviewed are raised by the motion for new trial, which, of course, would require the proceedings brought here by case-made or bill of exceptions. (2) There is no judgment included in the record; hence nothing before us for review.

For the foregoing reasons, the appeal must be dismissed.

All the Justices concur.